NEWELL, EMERY J., Associate Judge.
Plaintiff (appellee) brought suit against the defendant on four separate counts. Each was in common count form. Count I alleged that on February 17, 1970, the plaintiff at the special instance and request and for the benefit of defendant, paid, laid out and expended for use and benefit of defendant, the sum of $10,000.00, with interest at the rate of 10% per annum. Count II contains similar allegations except that the principal sum loaned was $2,000.00 on April 4, 1970, and the interest rate was 6% per annum. Count III similarly alleges a loan of $2,500.00 on June 24, 1970, with interest from the date of loan. Count IV simply states that on September 30 and October 1, 1970, plaintiff loaned defendant the sum of $4,000.00. Plaintiff states that no part of these loans have been repaid with the exception of $6,000.00 paid on April 10, 1971, purportedly in partial satisfaction of the monies loaned in Count I. It is noted that the aggregate principal sums amount to $12,500.00 after deducting the repayment.
Defendant sought to dismiss the complaint for plaintiff’s failure to attach docu-, mentary evidence of the loans. The trial court denied this motion. Thereafter, defendant filed her answer in which she generally denied the allegations of plaintiff’s complaint except she admitted plaintiff was paid the sum of $6,000.00 which payment she stated was in behalf of International Development Investment Corporation (IDIC). Defendant was the president of this corporation, hereinafter referred to as IDIC. Additionally, defendant’s answer set forth various affirmative defenses. The trial court subsequently entered its order striking each of the affirmative defenses.
We find no error in the trial court’s denial of the motion to dismiss nor in striking the alleged affirmative defenses.
Plaintiff then moved the court for a partial summary judgment relying upon depositions and various exhibits filed with the depositions. One of those exhibits is of special significance as the plaintiff’s motion and apparently the trial court’s entry of partial summary judgment are founded upon this particular exhibit. This exhibit is a letter dated April 1, 1971, written by defendant lgleheart to plaintiff which contains, inter alia, the following language:
“On or before April 10, 1971, I agree to pay to you the sum of $6,000.00 by cashiers check.
“On October 10, 1971, I agree to pay to you the sum of $5,000.00 in the same manner.
*228 “On April 10, 1972, I agree to pay to you the sum of $5,000.00 in the same manner.”
This letter seemingly explains the acknowledged payment of $6,000.00 and the partial summary judgment entered against defendant for $10,000.00 with interest at 6% per annum on $5,000.00 from October 10, 1971, to the date of entry and interest on $5,000.-00 at 6% per annum from April 10, 1972, to the date of entry.
We reverse the partial summary judgment for the reason there were genuine issues of material fact which precluded its entry; namely, were the debts those of defendant Igleheart or those of IDIC. There is no reason to restate the principles of law involved as they are well-known. We do examine the record to point out these matters:
1. By letter.of February 13, 1970, and prior to the paying out of any sums by plaintiff, defendant explained to plaintiff the purpose and background of IDIC. In that letter defendant said, “We can discuss a loan with a great return on investment or we can discuss an investment in the company with long-range profit.”
2. In another letter under date of February 16, 1970, from defendant to plaintiff, defendant said, “A loan of $10,000.00 would suffice and carry our company through the short-term cash flow bind
3. On February 17, 1970, plaintiff executed a power of attorney to his sister (also an officer of IDIC) to: Sign all papers and/or documents in the execution of a loan in the amount of TEN THOUSAND and NO/100 ($10,000.00) DOLLARS, to the International Development Investment Company.
4. IDIC was the payee of three checks signed by plaintiff: a) check dated February .17, 1970, in the sum of $10,000, b) check dated April 6, 1970, in amount of $2,000.00 and c) check dated June 24, 1970, in the amount of $2,500.00.
5. In the deposition of plaintiff White taken on October 23, 1973, he answered that he first met defendant at the time he lent money to IDIC.
Accordingly, the judgment is reversed and remanded for further proceedings consistent herewith.
WALDEN, C. J., and DOWNEY, J., concur.